UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARTHUR WASHINGTON, JR., ) | CASE NO. 1:16 CV 1054 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| MATT PERSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Arthur Washington, Jr. filed this action in the Cuyahoga County Court of Common Pleas on April 1, 2016 against Veterans Administration ("VA") employees Matt Person, Charles Moore, Steve Strobeck, Cindy Planta, and Edna Lima, and his former spouse Betty Hardiman. In the Complaint, Plaintiff alleges Hardiman continued to receive benefits after he and Hardiman divorced. He seeks monetary damages. The United States government removed the case to this federal court on May 2, 2016.

**I.    Background**

Plaintiff's Complaint is very brief and disjointed. He indicates he was married to Hardiman. Plaintiff states that in 2005, he called the police when Hardiman appeared at the VA Regional Office. He does not explain why Hardiman went to the VA offices, or why he telephoned police. He indicates he asked Lima, to stop the checks going to Hardiman but she did not answer him. Plaintiff states he and Hardiman divorced in December 2012, and he moved to Cleveland, Ohio in November 2013. He has since remarried. He states, "Charles Moore, Steve

Strobeck, Matt Person, did say I sign and don't know the Declaration of Status of Dependants and a Power of Attorney, Matt Person said I don't even I signed." (Doc. No. 1-1 at 4). Plaintiff contends Defendants should repay him for the monies paid to Hardiman from 2005 to 2015.

## II.     Standard of Review

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the claims asserted. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

## III.     Analysis

Plaintiff's failure to identify a cause of action deprives this Court of subject matter jurisdiction over this case. Plaintiff objects to the VA's payment of benefits to Hardiman. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1, 4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276

(1957). His Complaint contains very few facts and no legal claims. In addition, no legal claims are apparent on the face of the pleading. Absent an indication that Plaintiff is asserting a cause of action for which the United States has consented to suit, the Court lacks jurisdiction to hear this case or to order the United States to pay damages to him.

To the extent Plaintiff is attempting to assert a cause of action against the individual Defendants rather than the United States government, he failed to state a claim upon which relief may be granted. To meet the minimum pleading requirements of Federal Civil Procedure Rule 8, the Complaint must give fair notice to the Defendants of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint does not meet this basic standard. There are no allegations in the Complaint that plausibly suggest a cause of action Plaintiff may be bringing against the individual Defendants.

**IV.    Conclusion**

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Date: <u>May 26, 2016</u>          <u>       /s/ John R. Adams       </u>
                                    JOHN R. ADAMS
                                    UNITED STATES DISTRICT JUDGE

---

[1]    28 U.S.C. § 1915(a)(3) provides:

>   An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.